UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MASSACHUSETTS MUTUAL INSURANCE COMPANY, | § § § § § § | |
| Plaintiff, | | |
| v. | § | CIVIL ACTION NO. H-11-3811 |
| MICHAEL MITCHELL, | § § § § | |
| Defendant. | | |

**MEMORANDUM AND ORDER**

Pending before the Court is Defendant Michael Mitchell's Motion to Dismiss (Doc. Nos. 4–6). After considering the Motion, all responses thereto, and the applicable law, the Court finds that Defendant's Motion should be granted in part.

**I. BACKGROUND**[1]

This dispute involves two life insurance policies issued by Plaintiff in the name of "John Franklin." (Compl. ¶ 5.) An applicant using this name applied for this policy in March 2008, making various representations about Franklin's identifying information, financial status, family history, and residence in Sugarland, Texas. (*Id.*) An individual claiming to be Franklin, also submitted to a paramedical examination, providing a "work ID" with a photo. (*Id.* ¶ 6.) He answered "no" to questions regarding whether he had consulted a health professional or been treated for certain conditions in the past several years, or whether he had a sickness or injury for which a disability claim had been made in the past five years. (*Id.*) The applicant made similar representations in the supplements to the applications. (*Id.* ¶ 7.) Based on these representations

---

[1] The following facts are drawn from Plaintiff's Complaint ("Amended Complaint") (Doc. No. 1) and are accepted as true for purposes of the Motion to Dismiss.

1

and the examination, Plaintiff issued the policies, effective March 26, 2008, insuring the life of Franklin for $2.9 million. (*Id.* ¶ 8.)

Kelly Elizabeth Ray, who was identified as the insured's daughter, was designated as the primary beneficiary under the policies issued. (*Id.*) In January 2011, the beneficiary was changed from Ray to Defendant Michael Mitchell, who identified himself in change forms as both Franklin's son and godson. (*Id.* ¶ 10.)

John Franklin died on June 27, 2011. (*Id.* ¶ 11.) On July 11, 2011, Defendant submitted a claim for the proceeds to Plaintiff, and included an original death certificate with the claim form. (*Id.* ¶ 12.) The claim form identified Defendant as Franklin's godson, and provided a different social security number for Defendant than was listed in the change of beneficiary forms. (*Id.*) Information contained in the death certificate also conflicted with information provided to Plaintiff about Franklin. (*Id.*)

Based on these discrepancies, Plaintiff began an investigation to confirm that the John Franklin who died was the same man who was insured under the policies. (*Id.* ¶ 13.) This initial investigation revealed additional conflicting information, such as health conditions not disclosed in the application; the residence of Franklin in Illinois; Social Security Administration (SSA) records showing Franklin was fully disabled as of November 1982; records showing that Franklin received Medicaid and social security income benefits; SSA records showing a different birth date; and a representation by Franklin to SSA that he had no relatives, was never married, and had no children. (*Id.*) Plaintiff sent Defendant a letter explaining it needed additional time to confirm that the Franklin who died was the insured, and requested additional documents, including an obituary and authorizations from his next of kin to obtain additional information.

(*Id.* ¶ 14.) Defendant has refused to provide the requested authorizations or next of kin information, but continues to demand payment. (*Id.* ¶¶ 14–15.)

Plaintiff seeks a declaratory judgment, or, alternatively, rescission of the policies. (*Id.* ¶¶ 16–17.) Plaintiff seeks declaratory judgment on various issues:

(a) That Plaintiff has not received due proof that the insured died before the final expiration date while the policies were in full force, as required for payment under the policies;

(b) That Plaintiff has no obligation to pay the proceeds until it obtains "due proof" that the John Franklin who died is the insured;

(c) That Plaintiff has not received all information necessary to secure final proof of loss to enable it to notify Defendant in writing of its acceptance or rejection of the claim;

(d) The validity and/or enforceability of the policies and Plaintiff's obligations in the event that:

    (i) The applicant for the policies in question was not John Franklin;

    (ii) John Franklin did not consent in writing to the policies being taken out in his name, did not designate the beneficiaries, and/or did not pay the premiums himself if he did consent in writing to the policies;

    (iii) The owners and/or beneficiaries of the policies did not have an insurable interest in John Franklin's life at inception of the policies or at his death; and/or

    (iv) The source of the premiums for the policies did not have an insurable interest in John Franklin's life at inception of the policies or at his death.

(*Id.* ¶ 16.)  Alternatively, Plaintiff asserts a claim for rescission in the event Franklin participated in the applications, since material misrepresentations were intentionally made about Franklin's health and finances for the purpose of fraudulently deceiving Plaintiff into issuing the policies. (*Id.* ¶ 17.)

## II.  LEGAL STANDARD

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'"  *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  That is, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).  A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  The plausibility standard is not akin to a "probability requirement," but asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.*  A pleading need not contain detailed factual allegations, but must set forth more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted).

Ultimately, the question for the court to decide is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff.  The court must accept well-pleaded facts as true, but legal conclusions are not entitled to the same assumption of truth.

*Iqbal*, 129 S. Ct. at 1950 (citation omitted). The court should not "'strain to find inferences favorable to the plaintiffs'" or "accept 'conclusory allegations, unwarranted deductions, or legal conclusions.'" *R2 Investments LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004)). A district court can consider the contents of the pleadings, including attachments thereto, as well as documents attached to the motion, if they are referenced in the plaintiff's complaint and are central to the claims. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000). Importantly, the court should not evaluate the merits of the allegation, but must satisfy itself only that plaintiff has adequately pled a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). "Motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citation omitted); *Duke Energy Intern., L.L.C. v. Napoli*, 748 F. Supp. 2d 656 (S.D. Tex. 2010). The Court should generally "afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

### III. ANALYSIS

Defendant first argues that "John Franklin's life insurance policies naming Defendant Michael Mitchell as a beneficiary establish under Texas law an insurable interest for Michael Mitchell in the life of John Franklin." (Mot. at 7.) Defendant identifies various issues asserted as part of Plaintiff's declaratory judgment claim: (1) whether Defendant has an insurable interest in John Franklin's life; (2) whether the source of the premiums for the policies had an insurable

interest in Franklin's life[2]; (3) whether Franklin consented in writing to the policies, designated the owners and beneficiaries of the policies, and/or had the premiums paid by third parties if Franklin did consent in writing. (Mot. at 7.) Defendant addresses each of these subjects in turn.

The Court notes that Defendant's statement of these questions is not identical to the formulation in the Complaint, which asks the Court to determine the validity and/or enforceability of the policies if various scenarios prove to be true. However, for Plaintiff's claims to survive a Motion to Dismiss, the Court must determine whether a justiciable controversy exists, and thus will examine Defendant's arguments about the underlying factual questions. *See Bauer v. Texas,* 341 F.3d 352, 358 (5th Cir. 2003) (In a declaratory judgment action, "[b]ased on the facts alleged, there must be a substantial and continuing controversy between two adverse parties.") (citing *Emory v. Peeler,* 756 F.2d 1547, 1551–52 (11th Cir. 1985)).

**A. Defendant's Insurable Interest**

Defendant asserts that he has an insurable interest in the policies at issue. Under Texas law, "[a] beneficiary . . . who is designated in a life insurance policy has an insurable interest for the face amount of the policy and is entitled to collect that amount." Tex. Ins. Code § 1103.002. An individual applying for a policy on his or her own life may "designate in writing in the application for the policy any individual" as beneficiary, owner, or both. Tex. Ins. Code § 1103.054. An individual may designate a third party to submit an application on his or her behalf, or consent to the designation of a third party as a beneficiary or owner, but this consent must be in writing. Tex. Ins. Code § 1103.056. "Thus, the legislature has conferred an insurable interest on those persons named by an insured as beneficiaries in a policy on his own life and on

---

[2] Defendant's Motion does not address the issue of whether the third parties paying the premiums have an insurable interest in Franklin's life. Rather, as shown below, it addresses the related issue of whether or not the fact that third parties were paying the premiums on the policy affected the validity and enforceability of the policies.

those named by a person to whom the insured has granted the power to make such a designation." *Allen v. United of Omaha Life Ins. Co.*, 236 S.W.3d 315, 323 (Tex. App.—Fort Worth 2007, pet. denied)

Plaintiff believes that Defendant does not have an insurable interest in the policy because Franklin may not have submitted the application himself, designated the beneficiaries, or consented to either. If Franklin did not submit the application or consent to it, Franklin would not be the insured under the policies, and thus Defendant could not have an insurable interest based on Franklin's designation of him as beneficiary. Defendant is correct that whether he is the son or godson of Franklin has no bearing on whether or not he has an insurable interest under Texas law. Rather, these allegations go to the heart of Plaintiff's case—that inconsistencies in the application process lead them to question whether or not Franklin applied for or consented to the policies at issue. Plaintiff has adequately stated a case regarding Defendant's lack of insurable interest.

### B. Payment of Policy Premiums

The Complaint also asks for the Court to determine the validity or enforceability of the policies if the premiums were paid by third parties. Defendant states that he is aware of no statute or case law requiring the insured individual to himself pay for the premiums on the policy. (Mot. at 9.) Plaintiff did not respond to this argument or assert any reasons why, if Franklin consented to the policies being taken out in his name, the payment of premiums by third parties would make the policies invalid. Plaintiff uses the allegations regarding payment of premiums only to show that they became suspicious about whether Franklin applied for the

policies at issue. (Resp., Doc. No. 11, at 8; Sur-Reply, Doc. No. 17, at 2–3.) Accordingly, the Court must dismiss this portion of Plaintiff's declaratory judgment claim.[3]

### C. Franklin's Consent to Creating the Policies in his Name

Defendant contends that Plaintiff's Complaint fails to provide sufficient allegations to show that Franklin did not consent to the creation of these policies. He says that the applicant identified himself as Franklin, gave his social security number, and was examined by Plaintiff's doctors. (Mot. at 9–10.) He further argues that the death certificate contained the same social security number as the application, and Plaintiff does not contend that the death certificate is a forgery. (*Id.* at 10.)

However, the Court finds that Plaintiff's Complaint adequately alleges that Franklin was not the applicant for this policy. Defendant does not address the many inconsistencies identified by Plaintiff in information given in the application, at the medical examination, in the beneficiary change forms, and in the demands for payment of proceeds after Franklin's death that lead it to suspect that the individual who applied and appeared for the medical examination was not the John Franklin insured under the policies. This is a factual issue that Defendant may address on summary judgment.

### D. Two-Year Incontestability Term

Defendant also asserts that the Complaint should be dismissed because the insurance policies in question contain a provision that forbids Plaintiff from contesting the validity of the policies after they have been in force during the lifetime of the insured for two years from the issue date, except for failure to pay premiums. (*See* Doc. No. 5-1 at 7.) If Franklin applied or consented to the policies at issue, the Texas Insurance Code explicitly allows insurers to rescind

---

[3] Specifically, the Court dismisses the portion of the Complaint asking the Court to determine "[t]he validity and/or enforceability of the Policies and MassMutual's obligations thereunder in the event that . . .[,] if John Franklin did consent to the Policies being taken out in his name, the premiums were paid by third parties." (Compl. ¶ 16(d)(ii).)

life insurance policies even after two years if the insurer proves material, intentional misrepresentations were made in obtaining the policy. Tex. Ins. Code § 705.104; *Federated Life Ins. Co. v. Jafreh*, 392 Fed. Appx. 280, 283 (5th Cir. 2010). Plaintiff has provided sufficient allegations to survive this Motion.

Additionally, under Texas law, these provisions are not enforceable if Franklin did not consent to the policies or imposters completed all parts of the application in his name. *See Logan v. Tex. Mut. Life Ins. Assoc.*, 51 S.W.2d 288, 292 (Tex. 1932); *see also Am. Nat'l Ins. Co. v. Brawner*, 93 S.W.2d 450, 451 (Tex. Civ. App.—Eastland 1936, writ dismissed).

In *Logan*, the beneficiary signed an application for insurance in his mother's name, and the application contained false answers regarding the mother's health. *Logan*, 51 S.W.2d at 289. The beneficiary asserted that an incontestability provision prevented the insurer from denying the claim. *Id.* at 289–90. The Supreme Court disagreed, stating, "If the insured never made any application to the association for insurance, either by making the application herself, or authorizing another to do so for her, then there was never a contract between the insured and the insurer and the statute above quoted could not have application at all." *Id.* at 292. The Supreme Court continued:

> Moreover public policy requires that the clause be limited to legitimate policies actually taken out by the insured for the protection of his named beneficiary. Hence, where several persons conspired to defraud insurance company by securing policy in name of nominal beneficiary, for their own benefit, upon the life of a man who was then ill, and the policy was issued through fraud in the medical examination, and one conspirator took assignment of the policy from the nominal beneficiary, he was not a good-faith purchaser, and was not entitled to benefit of incontestability clause.

*Id.* (quoting Cooley's Briefs on Insurance (2d Ed.) vol. 5, p. 4488). Thus, Plaintiff argues, if Franklin did not consent to the policies or complete the applications, the incontestability clauses do not bar Plaintiff's claim for rescission of the contract. (Resp. at 16.) The Court agrees.

9

Defendant's arguments to the contrary are unavailing. Defendant cites cases applying other states' law in arguing that there is no "imposter exception" to incontestability provisions. (*See* Reply, Doc. No. 12, at 7–12.) However, he does not provide any authority showing that *Logan* is no longer good law in Texas.

Defendant also argues that Plaintiff's Complaint does not contain "substantive facts that the policies were created by someone other than Franklin." (Resp. at 14.) As noted in Part I and Part III.C., *supra*, Plaintiff has provided sufficient allegations regarding the inconsistencies that lead it to believe that Franklin was not the true applicant for the policies in question. Again, Defendant may address this factual issue on summary judgment.

## IV. CONCLUSION

Based on the foregoing, Defendant's Motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**. The Court dismisses only the portion of Plaintiff's claim for declaratory relief that asks the Court to determine "[t]he validity and/or enforceability of the Policies and MassMutual's obligations thereunder in the event that . . .[,] if John Franklin did consent to the Policies being taken out in his name, the premiums were paid by third parties." (Compl. ¶ 16(d)(ii).)

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 14th day of May, 2012.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE